UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|    THOMAS CARL BUTZ | ) | CASE NO. 15-10340(1)(7) |
|    SHAWN C. BUTZ | ) | |
| | ) | |
|               Debtor(s) | ) | |
| | ) | |
|    CLARENCE CAMPBELL | ) | AP NO. 16-1013 |
|    DONNA CAMPBELL | ) | |
| | ) | |
|               Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
|    THOMAS CARL BUTZ | ) | |
|    SHAWN C. BUTZ | ) | |
| | ) | |
|               Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion of Defendants/Debtors Thomas and Shawn Butz ("Debtors") to Alter, Amend or Vacate Judgment and Memorandum-Opinion. The Court reviewed the Debtors' Motion, the Response of the Plaintiffs/Creditors Clarence and Donna Campbell ("Plaintiffs") to the Debtors' Motion and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **DENY IN PART AND GRANT IN PART** the Debtors' Motion to Alter, Amend or Vacate the Judgment and Memorandum-Opinion.

## **LEGAL ANALYSIS**

This Adversary Proceeding came before the Court for trial on the Plaintiffs' Complaint against Debtors to have the debt owed to them declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6) and to deny Debtors a discharge pursuant to 11 U.S.C. § 727(a)(3) and (a)(6)(A). Based upon the witnesses' testimony and documentary evidence submitted to the Court, the Court issued its Memorandum-Opinion and Judgment in favor of the Plaintiffs on all Counts of its Complaint on January 5, 2018. *See*, Dkt. 40.

The Debtors' Motion to Alter, Amend or Vacate the Court's Memorandum-Opinion and Judgment sets forth six basis for their Motion. First, the Debtors claim the Court failed to adequately set forth facts regarding the knowledge of the Plaintiffs regarding the risky nature of the loan. The Court rejects this assertion as the evidence presented and set forth in the Court's Opinion is to the contrary. Debtor Shawn Butz testified at trial about the Debtors' reasons for starting the business. Debtors believed it was a great plan and would be profitable and successful based on the products they were going to sell. Furthermore, Debtors put in writing, to the Plaintiffs that because Debtors personally guaranteed the loan, there was no risk whatsoever to the Plaintiffs. *See*, Plaintiffs' Exhibit 2.

Furthermore, whether Plaintiffs knew the loan was a risky proposition, had no bearing on the Court's findings. The transaction was clearly a loan and not an investment. Whether Plaintiffs were aware that the Debtors' plans were risky was irrelevant to the Court's ultimate findings and Judgment.

Second, Debtors claim the Court failed to "set forth undisputed facts regarding the Campbells' knowledge and consent to using funds from the Campbells for living expenses and the

use of those funds in lieu of payment and salary." The record does not support Debtors' claim on this point. The testimony of Plaintiff Donna Campbell clearly refutes this claim. The Court finds that the overwhelming weight of the trial testimony supports the Court's finding that the Plaintiffs had no knowledge that Debtors were using the loan proceeds to support their lavish lifestyle, nor did they consent to such use.

Third, the Debtors claim the Court erred in failing to state in the Opinion "that other family members made similar loans and those funds were used by the Debtors for both living expenses and business expenses." The Court sees no relevance to this claim as the other family members who provided loans to the Plaintiffs did not file suit against the Debtors on their loans, nor did any of them testify at trial. There is no basis to alter the Opinion on this point.

Fourth, the Plaintiffs claim the Court erred by failing to consider Debtors' efforts in providing documents and that the Debtors "provided all documents in their possession including copies of tax returns." Even though Debtors provided all of the records that were in their possession, the records at trial established, based on Debtor Thomas Butz' testimony, that Debtors lost many of their business records. Debtors could not produce the business records necessary to support their claims, including those records regarding how the loan proceeds were used. Debtors were required to provide Plaintiffs with enough information to track their financial dealings with "substantial completeness." *Bergeron v. Ross (In re Ross)*, 367 B.R. 577 (W.D. Ky. 2007). Debtors simply failed to establish justification for their lack of business records.

Fifth, Debtors claim that while they were well educated, they were not good business people and this fact should not have been held against them. The Court noted Thomas Butz' educational and professional experience as one of the reasons the Plaintiffs were induced to loan the Debtors

money for the business. These facts were also relevant as to whether Debtors' lack of business records were justified. The record does not support Debtors' claim that these facts were irrelevant to the Court's finding.

Finally, Debtors take issue with the Court's use of the contract interest rate of 15% on the Judgment declaring the debt nondischargeable under 11 U.S.C. § 523(a)(2)(A) and (a)(6). Instead, Debtors contend the rate of interest on judgments pursuant to 28 U.S.C. § 1961, 40 U.S.C. § 258(e)(i), and 18 U.S.C. § 3612[1] should have been used for a rate of 1.8% on the date of the Judgment. The Court will amend the Judgment to clarify that any interest awarded is pre-judgment interest on the debt until September of 2012, for a total debt of $328,589.00.

Under the loan documents Plaintiffs signed with the Debtors, Plaintiffs loaned $240,000 to Debtors and Debtors were to make interest only payments to the Plaintiffs each month at an interest rate of 15% per annum until July 1, 2011, when the principal was due. In December of 2010, by an Addendum to the Loan Agreement, the Plaintiffs loaned Debtors an additional $60,000 which was executed under the same terms as the June 2010 Loan Agreement. Interest only payments were made from June 2010 to August 2011, but the principal was not repaid. No payments were made in September of 2011 through November 2011. In December 2011 through September 2012, Debtors made partial interest payments. Although the loan documents required repayment of the principal, this was not done and the Debtors continued to make partial interest payments which were accepted by the Plaintiffs until September 2012.

---

[1] Parties may contract a different rate of post-judgment interest than set forth in § 1961. *See*, *Jack Henry & Assoc., Inc. v. BSC, Inc.*, 753 F.Supp.2d 665, 668 (E.D. Ky. 2010). 18 U.S.C. § 3612 relates to interest on collection of unpaid fines or restitution. 40 U.S.C. § 258(e)(i), is now cited as 40 U.S.C.A. 3115 and refers to eminent domain awards. Since the interest rate at issue is pre-judgment interest only, none of these statutes apply.

Plaintiffs' Exhibit 26, which was admitted and unrebutted by Debtors, is a spreadsheet containing a breakdown of interest payments made by the Debtors, the amount of the loan and interest outstanding on the loan as of the last payment made in September of 2012. Debtors received credit for $70,291 of interest only payments with $28,589 of unpaid interest owed through September of 2012 for a total debt of $328,589.

Neither party put on proof of any other pre-judgment interest owed on the debt after September of 2012, so the Court will not award any additional pre-judgment interest. The determination of whether pre-judgment interest is awarded is within the discretion of the Court. *See*, *Barvié v. Broadus (In re Broadus)*, 516 B.R. 378, 394 (Bankr. S.D. Miss. 2014). Post judgment interest is governed by federal law and pre-judgment interest is governed by state law. *General Electric v. Anson Stamping Co., Inc.*, 426 F.Supp.2d 579 (W.D. Ky. 2006). Kentucky statutory law, KRS 360.010, provides that a court may award interest on a judgment rendered on a contract or promissory note at the rate established in the contract. An award of pre-judgment interest through September 2012 as set forth in Plaintiffs' Exhibit 26 is in keeping with the agreement of the parties. Such an award makes the Plaintiffs whole and compensates Plaintiffs for the time value of the money loaned. *Broadus*, 516 B.R. at 394.

Here, the Plaintiffs did not request, and the Court did not award, post-judgment interest. The Court will alter the first paragraph of the Judgment to read as follows:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is entered in favor of the Plaintiffs Clarence and Donna Campbell declaring the debt owed to them by Debtors Thomas C. Butz and Shawn C. Butz in the amount of $328,589, which includes pre-judgment interest up to September 2012, nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6).

The remainder of the Judgment remains the same.

## CONCLUSION

For all of the above reasons, the Court will **DENY IN PART AND GRANT IN PART** the Motion of the Defendant/Debtors Thomas and Shawn Butz to Alter, Amend or Vacate Judgment and Memorandum-Opinion. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 19, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THOMAS CARL BUTZ | ) | CASE NO. 15-10340(1)(7) |
| SHAWN C. BUTZ | ) | |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| CLARENCE CAMPBELL | ) | AP NO. 16-1013 |
| DONNA CAMPBELL | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS CARL BUTZ | ) | |
| SHAWN C. BUTZ | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of Defendants/Debtors Thomas and Shawn Butz to Alter, Amend or Vacate Judgment and Memorandum-Opinion, be and hereby is, **DENIED IN PART AND GRANTED IN PART** in accordance with the terms of the Memorandum-Opinion accompanying this Order.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 19, 2018